UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM F. KAETZ,

        Plaintiff,

        v.

UNITED STATES OF AMERICA *et al.*,

        Defendants.

Civil Action No. 23-2021 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on pro se Plaintiff William F. Kaetz's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") without prepayment of fees under 28 U.S.C. § 1915 ("IFP Application"). (IFP Appl., ECF No. 1-2.) In support of his IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally* IFP Appl.) The IFP Application is complete and indicates that Plaintiff's total monthly income and expenses are $3,000 and $2,931.89, respectively. (*Id.* at 2-5.) Plaintiff has no other sources of income or assets. (*Id.* at 1-3.) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

Having granted Plaintiff IFP status, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court screens the Complaint (Compl., ECF No. 1) to determine whether any claim should be dismissed (1) as frivolous or malicious, (2) for failure to state a claim upon which relief may by granted, or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's Complaint is dismissed in its entirety.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that for dismissing a complaint pursuant to [Federal Rule

of Civil Procedure] 12(b)(6)."[1] *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff but need not accept as true legal conclusions couched as factual allegations. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

As Plaintiff is proceeding pro se, the Court must construe the pleadings liberally and in Plaintiff's favor. *See e.g.*, *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

(3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a pro se litigant's pleadings liberally."). That said, while pro se pleadings are to be broadly construed, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The instant case ("*Kaetz II*") exists alongside a companion case, *Kaetz v. United States* ("*Kaetz I*"), which was dismissed in March 2023. No. 22-3469, 2023 WL 2706841 (D.N.J. Mar. 30, 2023). *Kaetz II* asserts the same causes of action against the same defendants as *Kaetz I*. (*Compare Kaetz I* Compl., *with Kaetz II* Compl., ECF No. 1.) In *Kaetz II*, Plaintiff includes eleven additional defendants consisting of specific attorneys from the law offices that were previously named in *Kaetz I*, members of the Department of Justice (also a named defendant in *Kaetz I*), and federal judges that presided over *Kaetz I*.[2] (*See generally Kaetz II* Compl.) *Kaetz II* does not allege any new facts as a result of these additional defendants.

Upon motions to dismiss from many of the defendants, the Court dismissed *Kaetz I* in its entirety. First, the Court found that Plaintiff's constitutional challenge to 11 U.S.C. § 523(a)(8) was barred by collateral estoppel. *Kaetz I*, 2023 WL 2706841, at *8.[3] The Court made the requisite findings that: (1) there were identical issues decided; (2) the issues were actually litigated and essential to the judgment; (3) there was a final judgment on the merits; (4) there were identical

---

[2] As a result of a preclusion order issued by the Hon. Chief Judge Marie Bumb, Defendants Kevin McNulty and Claire E. Cecchi were dismissed from the action under the doctrine of judicial immunity. (*See* Preclusion Order 2, ECF No. 3.) Plaintiff was further precluded from filing any further complaint naming as a defendant a judge in this District without prior review by Judge Bumb. (*Id.*)

[3] The Court found that this claim was collaterally estopped by the holding in another case Plaintiff filed in 2016, with an identical cause of action. *See Kaetz v. Educ. Credit Mgmt. Corp.*, No. 20-2592, 2022 WL 996422 (3d Cir. 2022). The Third Circuit affirmed the Court's dismissal of the complaint. *Id.*

parties; and (5) fairness factors favored finding collateral estoppel. *Id.* at 5-8. The Court dismissed the remainder of Plaintiff's claims—a *Bivens* claim, fraud, fraud on the court, intentional infliction of emotional distress, "misconduct", and injunctive relief pursuant to the Administrative Procedure Act ("APA")—finding that Plaintiff failed to allege sufficient facts for any of the claims. *Id.* at 8-12.

In the instant matter, Plaintiff alleges the same claims against Defendants, leaving out only the *Bivens* and APA claims. For the same reasons as in *Kaetz I*, the Court dismisses the Complaint in its entirety. The Court finds that the statutory challenge to 11 U.S.C. § 523(a)(8) fails under the doctrine of collateral estoppel for the same reasons—and as a result of the same case—as in *Kaetz I. See Kaetz v. Educ. Credit Mgmt. Corp.*, 2022 WL 996422. Furthermore, all of the remaining claims seem to center around the failed statutory challenge. (*See, e.g.*, Compl. 7-8 (listing each of the remaining claims and stating "adding and reading language into statutes" as the justification for each one).) Plaintiff does not allege sufficient facts to support any of his claims but, rather, frames each claim as a byproduct of the allegedly unconstitutional statute imposed against him. To be sure, the only facts that Plaintiff does allege in the Complaint are that he was deemed indigent in his bankruptcy case, and that Educational Credit Management Corporation, Equifax, Experian, and Transunion attempted to collect a debt from him. (Compl. 5.) The remainder of the Complaint contains conclusory statements and legal conclusions, which the Court properly ignores. *Ashcroft*, 556 U.S. at 678. For these reasons, the Court dismisses the Complaint in its entirety.

IT IS on this 22nd day of August 2023, **ORDERED** as follows:

1. Plaintiff's IFP Application (ECF No. 1-1) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

3. Defendants shall serve a copy of this Memorandum Order on Plaintiff within seven days of filing and e-file proof of service.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE