UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM F. KAETZ,

        Plaintiff,

        v.

UNITED STATES OF AMERICA *et al.*,

        Defendants.

Civil Action No. 23-2021 (MAS) (DEA)

**MEMORANDUM ORDER**

On August 22, 2023, this Court granted pro se Plaintiff William F. Kaetz's ("Plaintiff") application to proceed *in forma pauperis* but dismissed his Complaint for his failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* Mem. Order, ECF No. 6.) Now pending before the Court is Plaintiff's Motion to Set Aside Judgment under Federal Rule of Civil Procedure[1] 60(d)(3). (Pl.'s Moving Br., ECF No. 9.) Defendants did not file an opposition. For the reasons set forth below, Plaintiff's motion is denied.

Generally, "Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to 'prevent a grave miscarriage of justice.'" *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). For a party to succeed under Rule 60(d)(3), the party must show that there has been: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). A showing under Rule 60(d)(3) is demanding. *Id.* at 390. That is, "[a] court may set aside a judgment based upon its

---

[1] Unless otherwise noted, all references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

finding of fraud on the court when an officer of the court has engaged in 'egregious misconduct.'" *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017) (quoting *Herring*, 424 F.3d at 390). Such a finding "'must be supported by clear, unequivocal and convincing evidence' of 'an intentional fraud.'" *Id.* (quoting *Herring*, 424 F.3d at 390).

As described in the Memorandum Order, in the instant case, Plaintiff identifies eleven defendants consisting of specific attorneys from the law offices that were previously named in a companion case, *Kaetz v. United States* ("*Kaetz I*"), including members of the Department of Justice, and federal judges that presided over *Kaetz I*. No. 22-3469, 2023 WL 2706841 (D.N.J. Mar. 30, 2023). By way of the Memorandum Order and upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court determined that: (1) Plaintiff's statutory challenge to 11 U.S.C. § 523(a)(8) was barred by collateral estoppel; and (2) the remainder of Plaintiff's claims for fraud, fraud on the court, intentional infliction of emotional distress, and "misconduct" failed to state a claim upon which relief can be granted. (*See* Mem. Order 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)

Following dismissal, Plaintiff now brings this Motion to Set Aside Judgment. (*See generally* Pl.'s Moving Br.) A review of the pending Motion reveals that Plaintiff does not meet the exacting requirements of Rule 60(d)(3). First, Plaintiff asserts that the Hon. Kevin McNulty and the Hon. Claire E. Cecchi, whom he initially identified as Defendants in his Complaint, committed a "fraud on the court" by applying "fraudulent laws" that "misdirected the [C]ourt." (Pl.'s Moving Br. 3.) A closer look at the allegations in Plaintiff's motion reveal, however, that Plaintiff continues to try and press claims against Judge McNulty and Judge Cecchi based on their adverse rulings against him in *Kaetz I*, which dismissed Plaintiff's same causes of action against the same Defendants as in the instant case. (Mem. Order 3-4.) Furthermore, Plaintiff's allegations

2

evidently disregard the preclusion order of the Hon. Chief Judge Renée Marie Bumb, issued in April 2023, which dismissed his claims against Judge McNulty and Judge Cecchi under the doctrine of judicial immunity.[2] (*See* Preclusion Order 2, ECF No. 3.) Chief Judge Bumb's Order further precluded Plaintiff from filing any complaint "that names as a defendant a judge in this District." (Preclusion Order 2.) Plaintiff's repeated and frivolous attempts to resurrect his claims against these Defendants through this case or this pending Motion are denied.

As to the remaining Defendants, Plaintiff's allegations of fraud amount to nothing more than blanket allegations and legal conclusions. (*See* Pl.'s Moving Br. 3-5.) *See United States v. Donahue*, 733 F. App'x 600, 603 (3d Cir. 2018) (concluding that tactics to frame arguments in terms of the fraud required by Rule 60(d)(3) are insufficient); *Herring*, 424 F.3d at 386-87 (concluding that a determination of fraud on the court must be supported by clear, unequivocal, and convincing evidence). Further, it appears that the alleged fraud is based on Plaintiff's perceived legal errors regarding his constitutional challenges to 11 U.S.C. § 523(a)(8). (*See* Pl.'s Moving Br. 3-5.) This does not suffice to show fraud under Rule 60(d)(3). *See 800 Servs., Inc. v. AT&T Corp.*, 822 F. App'x 98, 98 (3d Cir. 2020) (explaining that "[l]itigants routinely disagree about how courts should view the evidence" but a "losing party cannot just repackage that disagreement to claim"

---

[2] To put a finer point on it, Plaintiff has been reminded on several occasions before this Court that Judges in this District are immune to his claims. (*See* Text Order of this Court dated August 14, 2003, No. 23-2008) (dismissing Plaintiff's claims against Judge McNulty and Hon. Christine P. O'Hearn as frivolous and violating the preclusion order); Order of Hon. Michael Farbiarz, U.S.D.J., No. 23-3225, ECF No. 7 (dismissing Plaintiff's claims against Justice Thomas on the same grounds).) *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (citing *Bradley Fisher*, 80 U.S. 335 (1872)) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him. [H]e should not have to fear that unsatisfied litigants may hound him with litigation.").

fraud on the court). Nor does Plaintiff identify any "egregious conduct" to trigger relief under Rule 60(d)(3). *Bressman*, 874 F.3d at 150.

Accordingly, Plaintiff has not made the requisite showing by "clear and convincing evidence" to set aside this Court's Memorandum Order. For these reasons, and for good cause shown,

**IT IS** on this 4th day of March 2024, **ORDERED** as follows:

1. Plaintiff's Motion to Set Aside Judgment (ECF No. 9) is **DENIED**.

2. The Clerk of Court is directed to send by regular mail a copy of this Memorandum Order to Plaintiff.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**